Edward Thompson", Acting Judge.
This is a motion for an order directing that the evidence seized by a police officer from the defendant be suppressed, or in the alternative that the defendant be permitted to inspect the Grand Judy minutes which resulted in the indictment herein.
This motion was argued on October 11, 1961, at which time the court ordered a hearing on October 25, 1961.
The defendant was indicted on August 23, 1961, and accused of the crimes of operating a policy business and possession of policy slips. On the hearing the only witness was a police officer who testified in substance that on July 10, 1961, at about 3:45 p.m., while in a radio car, he intercepted a communication being sent to another patrol car and that as a result of such communication he went to the vicinity of 62nd Avenue and Saunders Street, in Queens County. The communication dispatched police response as a result of a complaint by a citizen that there was a prowler on the fire escape in the rear of an apartment building located at 62-25 Saunders Street, County of Queens. This officer and his partner were within two blocks of the premises in question at the time they intercepted the communication and arrived thereat within a few seconds. The building was a seven-story apartment house and the officer observed the defendant five feet from the rear door of said premises and appeared to be leaving the same. The defendant was wearing a white tee shirt, dark trousers, dark shoes, and carrying a folded brown paper bag under his arm. The officer followed the defendant about half a block at which point he questioned the defendant and asked for identification. The defendant produced a driver’s license in his own name and said he'lived in Brooklyn. Upon further questioning the defendant stated that he was ‘ ‘ going around the corner to the A & P to meet a friend of his.” There was no “A é P ” around the corner, whereupon the officer asked the defendant what he had in a paper bag which was under his arm. The defendant said that it contained his lunch. The officer, because of the false statement regarding the A & P, requested the defendant to show him the contents of the bag. Upon examination of the bag the officer found (conceded by defense counsel) approximately 57 policy slips representing over 6,*000 “ plays ”. Thereupon the officer placed the defendant under arrest. Thereafter the officer interviewed the citizen who had made the original complaint and she described the alleged prowler as wearing sneakers or tennis shoes and a white shirt, which did not fit the description of this defendant.
*639 The court has reserved decision upon that part of the motion addressed to the inspection of the Grand Jury minutes. Should the court find that the evidence, upon which this indictment is founded, was secured by reason of an illegal search and seizure, then the court on its own motion would dismiss the indictment as being based upon insufficient legal evidence.
Under subdivision 4 of section 177 of the Code of Criminal Procedure, a peace officer has the right to make an arrest without a warrant “ When he has reasonable cause for believing that a felony has been committed, and that the person arrested has committed it, though it should afterward appear that no felony has been committed, or, if committed, that the person arrested did not commit it.” Under the facts developed upon this hearing the officer had a valid reason to question the defendant and the search made by him incidental to an arrest was reasonable. The defendant, in explaining his presence in the neighborhood, gave an explanation which was false. There was no A & P supermarket around the corner. Furthermore when the officer examined the contents of the bag it contained evidence of the commission of a crime. A police officer not searching the defendant under these circumstances would be neglectful of his duty in every respect. Should this defendant have been the person regarding whom a call was made about a “ prowler ” and the 'officer had accepted the defendant’s explanation and subsequently it was proved that the paper bag contained the fruits of a burglary, his dereliction in duty would be apparent. Certainly he would find little refuge in the decision of Mapp v. Ohio (367 U. S. 643).
The court finds that, under the circumstances, the search was made as an incident to a legal detention which was the basis for a reasonable search (Henry v. United States, 361 U. S. 98 [1959]; Johnson v. United States, 333 U. S. 10 [1948]).
The court further finds that in view of the circumstances surrounding the arrest and search, the search was not unreasonable (Go-Bart Co. v. United States, 282 U. S. 344 [1931]; United States v. Rabinowitz, 339 U. S. 56 [1950]).
The court further also finds that the search was contemporaneous with the detention of the defendant. This was not a situation where a premises could be kept under surveillance while a search warrant was obtained (United States v. Rabinowitz, 339 U. S. 56 [1950], supra). There is no question in the court’s mind that the apprehension of the defendant was pursuant to a valid belief of the officer that the defendant might have been the “ prowler ” complained of, and that upon receiving a false explanation he had every right to pursue his investigation *640 by examining the paper bag to ascertain if it contained the fruits of a crime (Brinegar v. United States, 338 U. S. 160 [1949]).
The court finds that the People have met the burden of proof of the legality of the search and seizure of the evidence which is the basis for this indictment. The thrust of every argument that it has not been reasonable, contemporaneous and validated by the arrest as an incident thereof is clearly lost in the truth of the situation which cannot be denied. A holding otherwise would flout public policy and avoid the maintenance of law and order.
The court, having examined the Grand Jury minutes, finds that sufficient legal evidence was adduced to sustain the indictment. The motion is denied in all respects.